UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAELA TURNER
    Plaintiff,

v.                                                      CIVIL ACTION NO. 23-10752-MPK

UNITED STATES POSTAL SERVICE, et al,
    Defendants.

## ORDER OF REASSIGNMENT TO A DISTRICT JUDGE AND
## REPORT AND RECOMMENDATION OF DISMISSAL

KELLEY, U.S.M.J.

Pro se plaintiff Michaela Turner has, in various pleadings, alleged misconduct by the United States Postal Service (USPS) and an unnamed Human Resources (HR) representative, the Avon Police Department and named officers, a Massachusetts state district judge and court, the Boston Police Department, and the Brockton Police Department. The allegations apparently follow from state criminal proceedings against Turner. *See generally* ##1, 4, 4-1, 6. Turner most clearly alleged that the HR representative threatened to take away her cell phone and computer and to have her arrested in response to Turner sending the USPS or representative emails warning of threats to the USPS or representative. (#1 at 1; #4-1 at 2, 3.) Turner alleged that the police departments and the judge, through the state criminal proceedings, helped the representative get away with the threat. (#4-1 at 2, 3.) Turner sought criminal charges against defendants. (#1 at 1; #4-1 at 4; #6 at 1.)

Turner also alleged an invasion of her privacy and civil rights, related to unspecified defendants printing out and sharing the emails that Turner sent, as well as collecting and disclosing

1


mostly unspecified information about Turner without her permission. (#4 at 3, 4; #4-1 at 3, 4; #6 at 1.)

Turner alleged that the judge told her not to send any more emails, although Turner prefers emails because of her stuttering disability. (#1 at 2; #4-1 at 2; #6 at 1.) Turner also alleged that the state criminal proceedings prevented her from attending a class to prepare for college. (#1 at 2; #4-1 at 4-5; #6 at 1.) For the alleged misconduct, Turner sought monetary and injunctive relief. (#4 at 3; #4-1 at 1, 4.)

By Order issued on June 5, 2023, the court deemed Turner's form civil complaint and self-prepared attachments dated May 8, *see* ##4, 4-1, to be the operative complaint, and conducted a preliminary screening pursuant to 28 U.S.C. § 1915(e) ("the June 5 Order"), *see* #8 at 3. The court identified deficiencies in the original complaint and ordered Turner to file an amended complaint by July 3. *Id*. at 6-16. The court assumes familiarity with the June 5 Order, but notes that Turner was cautioned that the court could issue a report and recommendation to a district judge that the action be dismissed if she either failed to file an amended complaint by July 3 or if the court determined upon further preliminary screening that the amended complaint did not cure the identified deficiencies or otherwise failed to comply with the Federal Rules of Civil Procedure. *Id*. at 15.

On June 29, Turner submitted materials to the court in seeming response to the June 5 Order ("the June 29 Response"), *see* #10. This submission is Turner's only response to the June 5 Order, and the July 3 deadline for filing an amended complaint has passed.

For the reasons set out below, the court orders that this action be reassigned to a district judge and recommends to the district judge to whom the action is reassigned that the action be dismissed.

I. Order of Reassignment to a District Judge.

As discussed below, this court concludes that this action is subject to *sua sponte* dismissal. The court does not have jurisdiction to dismiss the action, however, as the parties have not indicated that they consent to a Magistrate Judge conducting all proceedings, including entry of final judgment. 28 U.S.C. §§ 636(b)(1)(A), (c)(1).[1] Because the court concludes that the action is subject to *sua sponte* dismissal but lacks jurisdiction to dismiss the action, the court orders the Clerk of Court to reassign the action to a district judge.

II. Report and Recommendation of Dismissal.

The June 29 Response includes copies, or substantially similar versions, of pages that Turner submitted with the original complaint; that is, materials that the court previously reviewed in determining that the original complaint was deficient.[2]

As for materials not already reviewed and determined to be deficient by the court, the June 29 Response only includes a printout of some of the text of the Massachusetts statute defining criminal harassment, Mass. Gen. Laws ch. 265, § 43A, *see* #10 at 5, and a printout of the Massachusetts criminal model jury instruction defining threatening to commit a crime, *see* #10 at 6-9.

---

[1] Summonses have not issued, *see* #8 at 16, so defendants are potentially unaware of this suit.

[2] *Compare* #10 at 1 (civil cover sheet with "Please look" written in corner) *with* #4-2 at 2; #10 at 2 (one page of self-prepared attachments without highlighting and handwriting) *with* #4-1 at 3; #10 at 3 (first page of form complaint) *with* #4 at 1; #10 at 4 (another page of self-prepared attachments) *with* #4-1 at 2.

Like the original complaint, the June 29 Response is deficient.[3] Through the new printouts, Turner confirms that she is mainly seeking criminal charges against defendants. But, as the court explained in the June 5 Order, *see* #8 at 7, Turner cannot seek criminal charges against defendants because "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

Mass. Gen. Laws ch. 265, § 43A, defining criminal harassment, is a criminal statute that does not give rise to a private right of action. *Landino v. Mass. Teachers Assoc.*, #20-cv-11392-DJC, 2021 WL 2186815, at *5 (D. Mass. May 28, 2021) (citing *Peixoto v. Russo*, #16-cv-10428-DJC, 2016 WL 7410774, at *6 (D. Mass. Dec. 22, 2016)).

Similarly, Mass. Gen. Laws ch. 275, § 2, relating to threatening to commit a crime, is a criminal statute and Turner has not shown that it explicitly or impliedly creates a private right of action. *See Commonwealth v. Hamilton*, 945 N.E.2d 877, 881-882 & n.7 (Mass. 2011) (Mass. Gen. Laws ch. 275, § 2, is a criminal statute); *see also Loffredo v. Ctr. for Addictive Behaviors*, 689 N.E.2d 799, 802 (Mass. 1998) (although Supreme Judicial Court has power "to supplement legislation in appropriate cases," court has "generally been reluctant to infer a private cause of action from a statute in the absence of some indication from the Legislature supporting such an inference").

---

[3] The court liberally construes the June 29 Response as an amended complaint and liberally construes the allegations within the June 29 Response. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). If the court were to decline to construe the June 29 Response as an amended complaint, it would recommend dismissal of the action, without prejudice, for want of prosecution. *See generally Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 712 (1st Cir. 1977) (addressing district court's inherent authority to dismiss action for want of prosecution) (citing, *inter alia*, *Link v. Wabash R. Co.*, 370 U.S. 626 (1962)).

Turner's claims seeking criminal charges against defendants and damages or other relief because defendants allegedly engaged in, or helped others engage in, criminal activity should be dismissed. Such claims related to alleged criminal activity of defendants are simply not cognizable.

Through re-submission of materials already reviewed and determined to be deficient, Turner has not addressed the other deficiencies identified by the court as to other apparent claims, unrelated to alleged criminal activity of defendants. Moreover, by re-submitting two pages of the self-prepared attachments to the original complaint only, Turner has provided even less factual support for her claims.[4]

Turner has not indicated that she is invoking diversity subject matter jurisdiction and explicitly invokes federal question subject matter jurisdiction. (#10 at 1; *see* #4 at 3.) In this Report and Recommendation, the court focuses on potential federal law claims. Because the court already discussed deficiencies in the June 5 Order, it does so again very briefly. In addition, because the court recommends dismissal of the potential federal law claims, and this litigation is at an early stage, the court further recommends that the district judge to whom the case is reassigned decline to exercise supplemental jurisdiction over any potential state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim. . .if. . .the district court has dismissed all claims over which it has original jurisdiction"); *see also McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 74 (1st Cir. 2003) ("When federal claims are dismissed before trial, state claims are normally dismissed as well"); *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (in deciding whether to exercise supplemental jurisdiction over state

---

[4] Turner was advised that because an amended complaint completely replaces an original complaint, she should repeat in an amended complaint allegations from her various pleadings that she wanted to be part of the operative complaint. (#8 at 15.)

Turner's claims seeking criminal charges against defendants and damages or other relief because defendants allegedly engaged in, or helped others engage in, criminal activity should be dismissed. Such claims related to alleged criminal activity of defendants are simply not cognizable.

Through re-submission of materials already reviewed and determined to be deficient, Turner has not addressed the other deficiencies identified by the court as to other apparent claims, unrelated to alleged criminal activity of defendants. Moreover, by re-submitting two pages of the self-prepared attachments to the original complaint only, Turner has provided even less factual support for her claims.[4]

Turner has not indicated that she is invoking diversity subject matter jurisdiction and explicitly invokes federal question subject matter jurisdiction. (#10 at 1; *see* #4 at 3.) In this Report and Recommendation, the court focuses on potential federal law claims. Because the court already discussed deficiencies in the June 5 Order, it does so again very briefly. In addition, because the court recommends dismissal of the potential federal law claims, and this litigation is at an early stage, the court further recommends that the district judge to whom the case is reassigned decline to exercise supplemental jurisdiction over any potential state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim. . .if. . .the district court has dismissed all claims over which it has original jurisdiction"); *see also McInnis-Misenor v. Maine Med. Ctr.*, 319 F.3d 63, 74 (1st Cir. 2003) ("When federal claims are dismissed before trial, state claims are normally dismissed as well"); *Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (in deciding whether to exercise supplemental jurisdiction over state

---

[4] Turner was advised that because an amended complaint completely replaces an original complaint, she should repeat in an amended complaint allegations from her various pleadings that she wanted to be part of the operative complaint. (#8 at 15.)

law claims, courts consider such factors as "fairness, judicial economy, convenience, and comity"); *see*, *e.g.*, *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 28-29, 34-35 (1st Cir. 2018) (following post-discovery grant of summary judgment for lack of subject matter jurisdiction over federal law claim, district court did not abuse "broad discretion" in dismissing state law claims without prejudice).

      First, Turner has not plausibly alleged the denial of a public entity's services, programs or activities or a causal link between that denial or any other alleged misconduct by a public entity and her disability, as required to plausibly allege violations of the Americans with Disabilities Act. *See* #10 at 4 (alleging violation of the ADA); *see also* #8 at 11-12 (discussing deficiency in ADA claim); *see generally* 42 U.S.C. § 12132 (". . .no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity"); *Gray v. Cummings*, 917 F.3d 1, 15 (1st Cir. 2019) (elements of Title II claim are (1) that plaintiff is a qualified individual with a disability; (2) that she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discrimination against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of her disability); *see*, *e.g.*, *Mackey v. Salem State Univ.*, #20-cv-12092-DJC, 2021 WL 2223905, at *1 (D. Mass. June 2, 2021) (dismissing ADA claim without prejudice in absence of plausible allegation of causal link). Most significantly, there are no factual allegations in the amended complaint (or other pleadings) to suggest that Turner was discriminated against because of her disability. The court therefore recommends dismissal, without prejudice, of any ADA claims for the failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

Second, Turner has not indicated that she fulfilled the administrative exhaustion requirement of the Federal Tort Claims Act (FTCA),[5] for purposes of any claims against the United States[6] for state law torts of the USPS HR representative.[7] (#8 at 12-13) (alerting Turner to this requirement); *see generally* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . ."); *Barrett ex rel. Estate of Barrett v. United States*, 462 F.3d 28, 37-38 (1st Cir. 2006) (under FTCA, exhaustion is jurisdictional); *Cotto v. Vitale*, #20-cv-03011-AT-DF, 2021 WL 11493287, at *7 (S.D.N.Y. Feb. 1, 2021) (Freeman, M.J.) ("a plaintiff asserting an FTCA claim not only has the burden to prove exhaustion, but also to plead it affirmatively in [her] complaint"), report and recommendation

---

[5] The court is assuming that Turner intends to bring claims under the FTCA given, *inter alia*, her reference to the Massachusetts Tort Claims Act in a different pleading. (#8 at 10 n.10, 12 n.13) (citing #6 at 1).

[6] As the court explained in the June 5 Order, *see* #8 at 12, the USPS is not the proper defendant under the FTCA. Turner makes no attempt to name the proper defendants in this action. *See also infra*.

[7] As the court explained in the June 5 Order, *see* #8 at 14 n.14, Turner's allegations do not appear to make out any claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against the representative herself. (#8 at 14 n.14.) The allegations would clearly extend *Bivens* to a new context and the court has no reason to believe that extension is warranted. *See generally Egbert v. Boule*, --- U.S. ----, 142 S.Ct. 1793, 1802 (2022) (court must ask whether claim arises in context meaningfully different from three contexts in which Supreme Court has implied damages action for constitutional claim against federal official and, if claim does arise in new context, whether special factors indicate that Judiciary is less equipped than Congress to weigh costs and benefits of allowing damages action to proceed).

adopted, #20-cv-03011-AT-DCF, ECF #27 (S.D.N.Y. Feb. 26, 2021) (Torres, J.); *see*, *e.g.*, *Brice v. United States*, #19-cv-2830-RRM, 2022 WL 939765, at *1-2 (E.D.N.Y. Mar. 29, 2022) (dismissing FTCA claim, with prejudice, where plaintiff had been ordered to name United States as defendant and allege exhaustion and although she named United States as defendant in amended complaint, plaintiff did not mention FTCA or allege exhaustion). The court therefore recommends dismissal, without prejudice, of any FTCA claims for want of subject matter jurisdiction, 28 U.S.C. § 1915(e)(2)(B)(i); Fed. R. Civ. P. 12(h)(3).

Finally, as to any "civil right[s]"-based claims, *see* #10 at 1, against the remaining state and municipal defendants, the court observes as follows:

As to the state district court judge, there is no basis from the June 29 Response (or any other pleading) to conclude that an exception to the doctrine of judicial immunity applies. (#8 at 8-9) (noting this legal impediment); *see generally Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) ("[I]t is an axiom of black letter law that when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions"). Therefore, to the extent that Turner seeks damages from Judge Daniel O'Malley in his official capacity, the court recommends dismissal of such claims, with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(iii). *See*, *e.g.*, *Turner v. Baker*, #17-cv-12283-WGY, 2018 WL 1885667, at *3 (D. Mass. Apr. 18, 2018) (§ 1915(e)(2)(B)(iii); dismissing, with prejudice, claims for damages from Governor and Attorney General in their official capacities).[8]

---

[8] Similarly, there is no basis from the June 29 Response (or any other pleading) to conclude that the court may grant injunctive relief against Judge O'Malley. *See* 42 U.S.C. § 1983 (". . .in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"). Thus the court recommends dismissal of any such claims,

As to the town of Avon and cities of Boston and Brockton,[9] Turner still has not identified any formal policy or custom that caused a violation of some federally protected right. (#8 at 9-10) (discussing this deficiency). Municipalities cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory, meaning solely because they employ alleged tortfeasors. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see Bd. Of Cty. Com'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *see also Changgang Li v. Belmont Police Dept.*, #19-cv-10110-RGS, 2019 WL 332183, at *3 (D. Mass. Jan. 25, 2019). The court therefore recommends dismissal of the action as to the Avon Police Department, the Boston Police Department, and the Brockton Police Department, without prejudice, for the failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).[10]

Turner has not plausibly alleged that any police officer, including the two that she names as defendants, violated a federally protected right. The court previously discussed the deficiencies in Turner's claim under the Massachusetts Privacy Act, Mass. Gen. Laws ch. 214, § 1B. (#8 at 10.) Similarly, Turner's failure, in the June 29 Response, to plausibly allege that the information purportedly disclosed by officers without her consent constituted intimately personal data as to which she had a reasonable expectation of privacy is fatal to any claim under the Fourteenth

---

without prejudice, for the failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

[9] As the court explained in the June 5 Order, *see* #8 at 9, the police departments themselves are not the proper defendants.

[10] The same reasoning holds for any claims against the Stoughton District Court, as Judge O'Malley's putative employer. *See Changgang Li*, 2019 WL 332183, at *3.

Amendment.[11] *See Vega-Rodriguez v. P.R. Tel. Co.*, 110 F.3d 174, 183 (1st Cir. 1997) (discussing Fourteenth Amendment right to privacy; "Even if the right to confidentiality has range broader than that associated with the right to autonomy. . ., that range has not extended beyond prohibiting profligate disclosure of medical, financial, and other intimately personal data") (citing *Borucki v. Ryan*, 827 F.2d 836, 841-842 & n.8 (1st Cir. 1987)); *see also Ives v. Tyer*, #17-cv-30101-MGM, 2017 WL 6551361, at *3 (D. Mass. Nov. 3, 2017) (Robertson, M.J.) ("To establish a violation of their constitutional right to privacy, plaintiffs must establish that they had a 'reasonable expectation of privacy' in the information that was disclosed") (citing *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 457 (1977)), report and recommendation adopted, #17-cv-30101-MGM, ECF #8 (D. Mass. Nov. 21, 2017) (Mastroianni, J.); *see also Hurwitz v. Newton Public Schools*, #17-cv-10231-LTS, 2017 WL 3008886 at *3 (D. Mass. July 14, 2017) ("Plaintiffs' home address does not rise to the level of 'intimately personal data' protected by the United States Constitution"); *Williams v. Baker*, 464 F. Supp. 2d 46, 51 (D. Mass. 2006) (for purposes of Fourteenth Amendment claim, plaintiff did not have reasonable expectation of privacy in information about mother's estate that had previously been matter of public record). Turner plainly does not have a reasonable

---

[11] Turner has not invoked the Fourteenth Amendment, *see* #10; rather, the court is inferring such a claim.

expectation of privacy in emails that she herself sent or in information that may have been gleaned from the emails.[12] That she had a restraining order is not necessarily personal or private.[13]

Turner's claim that officers did not investigate the threats that she reported to the USPS or representative adequately also does not survive scrutiny.[14] *See Goodwin v. Jones*, #16-cv-10305-GAO, 2016 WL 3581998, at *3 (D. Mass. June 27, 2016) (plaintiff's claim that detective failed to investigate DNA evidence was not cognizable; "[T]he failure of police officers to conduct an adequate investigation is not sufficient to state a civil rights claim under Section 1983 'unless there was another recognized constitutional right involved'") (quoting *Williams v. City of Boston*, 771 F. Supp. 2d 190, 200 (D. Mass. 2011) (quoting *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam)). The court recommends dismissal of the action as to Officers Christopher Bartolla and Jeffrey Bunkunt, without prejudice, for the failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

Turner has already been afforded an opportunity to file an amended complaint. The court does not recommend that Turner be afforded another. *Cf. Torres-Vargas v. Pereira*, 431 F.3d 389, 393 (1st Cir. 2005) ("Where, as here, the court appropriately forewarns a plaintiff of the

---

[12] *See* #10 at 2 ("They Have Printed out Every email that was sent and wanted to be flashing around and Plus Harassing her. . .also pulling out her emails and flashing it and saying I have a record of her emails and do you want to be seeing it? LET ME GRAB IT. THEY DIDN'T EVEN ASK HER OR SAY HI MICHAELA WE HAVE AN INFORMATION PULLED OUT THROUGH YOUR EMAIL AND IF IT IS ALRIGHT IF WE SHARE CERTAIN INFORMATION. . . .")

[13] *See id*. (". . .they had been giving information saying that Michaela had a Restraining order from ocean State job lot. . . .")

[14] *See id*. ("They did not ask Michaela where the threat have come from on February 10th because immediate threat can be coming from her cellphone and voicemail messages and Messenger and also in person not just by email. Guess what they have shown up with an search warrant to be searching at her emails").

consequences of future noncompliance with an unambiguous order, the court need not exhaust less toxic sanctions before dismissing a case with prejudice"). Instead, for the reasons set forth above, the court recommends that this action be dismissed in its entirety. The court recommends that to the extent that Turner is seeking damages from the state district court judge in his official capacity, such claims be dismissed with prejudice but, in all other respects, that her claims be dismissed without prejudice.

Turner is advised that if she wishes to object to the recommendation of dismissal, she must file specific written objections with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation. The written objections must specifically identify the portions of the Report and Recommendation to which Turner objects and the grounds for the objections. Turner is further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that a failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review. *Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 168-169 (1st Cir. 2016); *Keating v. Sec'y of Health and Human Srvcs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Vega*, 678 F.2d 376, 379 (1st Cir. 1982); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985).

July 28, 2023                                              /s/M. Page Kelley
                                                          M. Page Kelley
                                                          UNITED STATES MAGISTRATE JUDGE